IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BEN VENTURA,

                Plaintiff,

     v.

FRAN VELLA-MARRONE,
BRIAN GOTLIEB, and
GENINE EDWARDS,

                Defendants.

OPINION AND ORDER

26-cv-411-wmc

---

A pro se plaintiff calling himself Ben Ventura has filed a one-page complaint against defendants, alleging in one unadorned sentence that they "frequently violated due process." (Dkt. #1.)  Plaintiff does not explain whose right to due process was violated or how those violations occurred and offers no other relevant facts.  Because plaintiff is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). Pleadings filed by pro se litigants are held to a less stringent standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Even so, this lawsuit will dismissed with prejudice for the reasons set forth below.

OPINION

To begin, plaintiff's complaint offers no more than "naked assertions devoid of further factual enhancement," and fails to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2006). While courts construe pro se complaints liberally, *see Erickson*, 551 U.S. at 94, pro se plaintiffs

still must provide enough facts to support a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), the court will not grant leave to amend in this case for several reasons. First, plaintiff purports to have an address in Grand Forks, North Dakota, but the envelope has a New York postmark.  Second, plaintiff makes no effort to connect the action to this district.  Third, a PACER search shows that a plaintiff identified as "Ben Ventura" has filed this same bare-bones complaint in numerous other district courts across the country, signaling that this duplicative action was filed by an abusive litigant. *See, e.g., Ventura v. Vella-Marrone*, No. 4:26-cv-672, 2026 WL 1223561, at *1 (E.D. Mo. May 5, 2026) (listing cases with identical complaints filed by plaintiff).  Indeed, it appears the complaint is part of a larger trend of malicious filings in the federal courts.  *See Adams v. Jimenez*, No. 9:25-cv-68, 2026 WL 1288272, at *1 (M.D. Fla. Apr. 22, 2026) (noting the "slew of materially similar actions" filed nationally by fictitious plaintiffs of various names, and which appear to have been instigated by an individual named Feifei Gu).

The court has inherent authority to manage its docket and protect its finite resources. *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) ("Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).  The court has broad discretion to exercise this authority by dismissing a case and/or restricting future filings by an abusive litigant whose allegations are fraudulent.  *Thompson v. Taylor*, 473 F. App'x 507, 509,

2

2012 WL 1035718, at *2  (7th Cir. March 29, 2012) (citing *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011)).  Because the complaint was plainly filed for the improper purpose of harassing the defendants while wasting scarce judicial resources, this action will be dismissed with prejudice as duplicative and malicious.  *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (A "malicious" case is one that is "intended to harass."); *see also Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915.); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff.").

ORDER

IT IS ORDERED that:

1)  This action is DISMISSED with prejudice as duplicative and malicious.

2)  All pending motions are DENIED.

3)  The court certifies that any appeal from this order is not taken in good faith, 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

4)  Pursuant to the procedure set forth in *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995), the clerk of court to return unfiled any similar new civil action that "Ben Ventura" might file.

Entered the 20th day of May, 2026.

BY THE COURT

/s/

_____

WILLIAM M. CONLEY
District Judge

3